UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LIONEL BURNS,

    Plaintiff,

v.

                                        Civ. No. 22-304 MV/GJF

LINCOLN COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Lincoln County Sheriff's Office's Motion to Dismiss Under Rule 12(b)(6) [Doc. 18]. The Court, having considered the Motion, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

**BACKGROUND**

Plaintiff Lionel Burns filed his First Amended Complaint for Damages ("FAC") [Doc. 16] on July 5, 2022. In the FAC, Mr. Burns names as Defendants Robert Shepperd (the Sheriff of Lincoln County), the Lincoln County Sheriff's Department ("Sheriff's Department"), the Board of County Commissioners for the County of Lincoln County, and Rhonda Burns. *Id.* ¶¶ 2-5. As to the Sheriff's Department, the FAC asserts Fourteenth Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1893. *Id.* ¶¶ 19-36; Doc. 19 at 3 ("In the present case, Plaintiff alleges 42 U.S.C. § 1983 malicious prosecution in addition to unlawful seizure and false imprisonment.").

On July 19, 2022, the Sheriff's Department filed the instant motion to dismiss the FAC as against it. Mr. Burns opposes the motion. The motion is now before the Court for decision.

## DISCUSSION

In support of its instant motion to dismiss, the Sheriff's Department argues, *inter alia*, that it is not properly named as a defendant here. Although the Court agrees, it does so not for the reasons proffered by the Sheriff's Department, but rather because of the dictates of § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Admittedly, municipalities and local governments are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). Generally, however, "governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010). Of relevance here, County Sheriff's Departments are "governmental sub-units" and thus are not persons or legally created entities capable of being sued under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department was not a separate suable entity and dismissing the complaint as a result); *see also Brown v. City of Las Cruces Police Dep't,* 347 F. Supp. 3d 792, 806–07 (D.N.M. 2018) (holding that the Dona Ana County Sheriff's Department was not a person and suable entity under § 1983).

In the instant case, the Sheriff's Department is a governmental sub-unit, and thus not a person or legally created entity capable of being sued under § 1983. Because Mr. Burns' claims against the Sheriff's Department are brought pursuant to § 1983, they are not legally cognizable against the Sheriff's Department. The Sheriff's Department thus must be dismissed from this action. Mr. Burns' claims remain viable, however, as to the remainder of the named Defendants,

including the Board of County Commissioners for the County of Lincoln County and as to the Sheriff himself.

## CONCLUSION

Because the Sheriff's Department is not subject to suit under § 1983, Mr. Burns' claims, which are brought pursuant to § 1983, are dismissed as against the Sheriff's Department

**IT IS THEREFORE ORDERED** that Lincoln County Sheriff's Office's Motion to Dismiss Under Rule 12(b)(6) [Doc. 18] is **GRANTED**, as follows: the Lincoln County Sheriff's Department is dismissed from this action.

DATED this 1st day of May, 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE